And the first case for argument is United States v. Patillo Gonzalez. Good morning. May it please the Court. My name is Molly Carlin. I'm an assistant federal public defender for the District of Arizona. And I represent David Gonzalez. I'd like to reserve two minutes. I'll watch the clock. That means that's your total time. Yes, thank you. Now, Mr. Gonzalez is not and was not an aggravated felon. And because he's not an aggravated felon, the deportation order issued against him under AOC in 1228 was ultra-virus. So I'd first like to discuss why his county conviction was not an aggravated felony, and then discuss why that's just positive, whereas here he was deported under 1228. So first I'd like to start with the point that the government's burden here is to show that it's clear and convincing that he necessarily played to all the elements of an aggravated felony. In the face of the judgment, it shows that he was convicted under 1204 and 1201. And we know that we look to the least of the acts criminalized. And under 1201, 1201 is not an aggravated felony. Now, we can't strike 1201, as the government suggests, because that would rewrite the party's bargain, which is prohibited by DECAM. And it would also lead to arbitrary results. In different cases, one judge might think, well, let's strike 1201. Another might think, well, maybe we should strike 1204. Now, maybe it's a clerical error. Maybe the parties couldn't establish a factual basis for the charges in the indictment. The fact is there are multiple plausible explanations. But plausible explanations are insufficient for the government to show a clear and convincing link between the indictment and the judgment. And the judgment on its face just simply isn't clear. Now, even if we could strike 1201, which is not permitted by DECAM, and view the conviction as solely under 1204, as the government suggests, it's still not necessarily a crime of violence, because it could have been committed under 1203A3, which is not a crime of violence, or 1204A11, which is not a crime of violence. And I'd also like to focus on the fact that there are just differences, there are inconsistencies between the indictment and the judgment. But when the indictment charged him with, we're talking about DECAM 2? Yes. With using a baseball bat as a deadly weapon or dangerous instrument to place the victim fearful. Well, for one, Your Honor, we can't look at the specific facts. The baseball bat. Now, the one thing we can do. If he pled to, according to the judgment and the plea agreement, 1201, which is not in the indictment at all, and 1204 with no subsection, 1203 doesn't appear in the judgment at all. So it's impossible for us to tell what he actually, whether there was a subsection, whether there was a particular subsection. He was charged with 1204, 1203 both, right, in the indictment? Right. He was charged with 1204 and 1203, and 1203 does have to be a part of 1204. 1204 is always based on 1203. But only 120382 is a crime of violence. And so we can't tell from the judgment, which just says 1204, and strangely 1201. Well, the indictment could have been amended? Yes. The indictment must have been amended on its face. And the plea agreement also states that it amends the complaint or information. So even though he pled to an indictment, we know the judgment is right. It should have been amended. The plea, your position is the indictment had to be amended in accordance with the plea? Absolutely. The indictment therefore in terms of the plea that he pleaded to get an aggravated felony? That's exactly right, Your Honor. Now, if I could move on to the fact that. Counsel? Yes. If he pled guilty to aggravated assault, is that consistent with the 1201? Your Honor, it's hard to tell exactly what crime he pled to, because there is no crime that is both 1204 and 1201. So. And that means that because it only fits 1204, that that's what he pled, that's the crime? If aggravated assault only fits 1204, then why isn't it reasonable to conclude that that's what he actually pled guilty to? Well, Mathis says that we cannot look to the label of the offense. That's on page 2251 of Mathis. So we can't rely on that. We also. Well, we can rely not the label of the offense as stated in the statute, but we can look at what he pled to. In this plea agreement, this is not looking at the label of the statute. It's looking at what he actually agreed that he did. Well, Your Honor, that is true. However, aggravated assault alone, which is 1204 with 1203 underlying, is not necessarily an aggravated felony, because 1203A1 and 1203A3 are not aggravated felonies. So there is no dispute that he pled to aggravated assault. The question is, what is the underlying subsection? Well, the plea agreement does not address 1203. Right. That's correct. But we don't dispute that 1203 must be underlying, because there's no way to plead to 1204 without also pleading to 1203 without 1203 underlying 1204, because that's the nature of the offense. The only question, the question that's important here is, what is the underlying subsection of 1203? And the government has to establish a clear and convincing link that shows that he pled specifically to 1203A2, and they cannot do that. What about the presumptive sentence? Would the presumptive sentence be consistent with pleading to 1203? He – it would – well, if you mean is it consistent with him pleading to 1203A2, it's consistent, but that doesn't mean he necessarily pled to 1203A2, because 1203A11 is not a crime of violence and could also get him the same sentence. Could also get him a sentence of 3.5 years. I believe that's correct, Your Honor, because it's also a Class III felony. 1203A11 is committed on a peace officer or actually a prosecutor, which is not noted in our brief. And that's according to Section 1204C. And the prosecutor part is 1204D. So if – so the only way it would be a Class III felony is if it were a – if under – if it were 11, it's either a police officer or – A peace officer. That's right. There is no indication that that's going to happen. There is no indication. On the other hand, that would mean we have to look back at the indictment, which, again, would be in multiple parts of the judgment. The fact that, for example, Count 3 was dismissed, the fact that the government agreed to dismiss the dangerousness allegation, I see that I'm running into my rebuttal time. So, thank you. Thank you. Good morning, Your Honors. Robert Brooks of the United States. I am a police lawyer. The appellant concedes that there's no dispute that Mr. Gonzalez was convicted of aggravated assault. Because there's no dispute that he was convicted of aggravated assault, this court should affirm the district court's ruling dismissing the – dismissal of the indictment. It's important to note, Your Honor, that we're dealing with two different time frames here. The appellant has collapsed this entire discussion into one analysis. That's not the appropriate way to move forward here. And the reason for that is, as we discussed the motion to dismiss the indictment, the relevant time frame is at the defendant's removal. At that time, any conviction for an aggravated assault rendered the defendant ineligible for any relief. Because he was ineligible for any relief, he hasn't suffered any prejudice. While it is certainly the government's duty to prove that he was convicted of an aggravated assault, it is the defendant who has the burden to prove that there was a plausibility that he would get relief. He cannot do so here for two reasons. The first is that he had, in fact, committed an aggravated assault, which under Saron Sanchez, the prevailing law at the time, rendered him ineligible for any forms of relief. Even if he could somehow overcome that barrier in a 1229A proceeding, he would have to show a judge that an individual who had a ninth-grade education, did not have a GED, has been convicted of a DUI, had assaulted an individual with a baseball bat, had a conviction for unlawful flight from police officers, and a conviction for criminal damages. In other words, four convictions should receive great conclusion relief. There are no cases that have anywhere near these facts that would enable this defendant to receive relief. And because of that, Your Honor, you don't even need to address the documents to affirm the district court's affirmation, than to affirm the district court's dismissal of the indictment. Well, just as an argument, I'm having trouble understanding what you're trying to say. Yes. And it's understandable. It is absolutely understandable, Your Honor. But where does it say that he complies with aggravated assault? Your Honor, there are five ways you can go. It doesn't say aggravated assault. You're right, Your Honor. It doesn't say the phrase aggravated assault. Even if it did say aggravated assault in the plea agreement, I'm not sure that it would help this court that much. What does matter here, however, Your Honor, is that 1204 requires only 1203. 1201 cannot serve as the predicate in his wrath. Further, as previously discussed, this was a Class 3 felony. 1201 is a Class 6 felony or a Class 1 misdemeanor in Arizona. Further, the 1201 sentence is capped at two years, 2.25 years, if dangerousness is alleged. He's convicted under dangerousness. He received a three-and-a-half-year sentence. It's common law principle. You can't have two convictions in the same count. It's duplicitous. It wouldn't be permissible. And finally, Your Honor, and I think this is very important to note, while the plea agreement doesn't say it was aggravated assault, the defendant has said it was aggravated assault here today at the preliminary hearing in their plea agreement, in their change of plea proceeding, at the sentencing hearing, and in his own declaration to the court, he says, I was convicted of aggravated assault. In other words, yes, Your Honor? The plea agreement does say aggravated assault, correct? Yes. Oh, he's referring to the state plea agreement. The judgment in conviction refers to count two aggravated assault. Every document indicates that this is aggravated assault pursuant to 1204. And why that matters, Your Honors, is because at the time of his removal proceeding, that rendered him ineligible for any kind of relief. And so if there are no more questions about the relief issue, what I actually think is somewhat more of a difficult issue is whether or not he was appropriately assessed a 16th-level enhancement, because that does require a deeper dive into both the documents and into some of the case law, because subsequent to the defendant's removal, the case law was changed. Saron Sanchez was overturned by Fernandez-Ruiz, which does mean that the government has to prove A2. However, as I noted, for the motion to dismiss, I don't have to show it as A2. So when it comes to sentencing, as we look at the documents, it's clearly not 1201. The more interesting question, I think, is can we figure out, is this 1203 A2? And I do think that we can do that here, following the logic of the Cabrera arrest. When you look at the documents that we have, Your Honors, we see that he what? He pled guilty to count two. There's no indication that it was amended. This is not like United States v. Badal or other cases that have the phrase as amended or as modified. In that charging document, which could not have been dismissed, we're still at tears on state law. He clearly is charged with a violation of A2. It's there. It's better than Cabrera arrest where they didn't have this subsection, but they followed language and were able to determine it was A2. Because of that, Your Honor, the 60-level enhancement is appropriate here. Even if that weren't the case, Your Honor, and I just want to spend one minute on this issue, the United States case, United States v. Boisín has rendered Fernandez-Ruiz at best suspect. This court has already said in finale that this court's finding regarding recklessness in Boisín is now certainly in tension. And I would submit, Your Honors, that if we don't think that the documents here are sufficient to prove a crime of violence, then the issue in Boisín is directly appropriate to address here for the following reasons. One, Fernandez-Ruiz is the case that overturns circumstances. So I'm not asking this court to overturn all of its findings regarding recklessness. I'm asking this court to recognize that Fernandez-Ruiz has been rendered inapplicable as to aggravated assault. And that's where abstention applies. The second reason why it's important, and the appellant notes this in her reply brief, is that Fernandez-Ruiz itself was a case that discussed a misdemeanor, domestic crime of violence. And so while appellant wants to restrict Boisín to only domestic violence cases, Fernandez-Ruiz was a case that involved domestic violence. The conviction there was under 1203 out of 3601, which is Arizona's misdemeanor crime of domestic violence. The language in Boisín directly overrules Fernandez-Ruiz. In Fernandez-Ruiz, this court basically held that recklessness cannot be an appropriate mens rea because it cannot be deliberate, because it could be accidental. However, Boisín cuts directly against that in my reading of it, where they hold that recklessness is regarding a harm that could occur from your action does require deliberate step. So Fernandez-Ruiz says no deliberate step under recklessness. Boisín says clearly there must be a deliberate step. If your honors have no further questions, I would just ask for you to affirm the district court's findings. Counsel, I'm curious why you addressed this point at such length when opposing counsel didn't address it? The Boisín issue, your honor. The whole enhancement, the two level enhancement. I only bring it up because I wanted to make it clear that these are two separate analyses that this court should make. And that it is not an all or nothing proposition for this court. Now, of course, if this court were to find that the documents clearly show that this defendant was convicted of 12-03-82, then that solves both issues and there's no further analysis. Okay. Yes. Thank you. Thank you. Thank you, your honors. With respect to Boisín, I'd just like to point out that even if, and we don't concede this, but even if Boisín overrules Fernandez-Ruiz, that would only be on the domestic violence point. And this is not a domestic violence case. Now, with respect to counsel's point that the judgment, the judgment doesn't say count to as amended or count to as modified. There's no requirement in the case law that it say that. The only requirement is that the government show a clear and convincing link. And with D. Alara and other cases show that where there are differences between the two, the government can prove a clear and convincing link. And I would just like to point out, with respect to the law required for the court to look at at the time of removal, and whether we are required to show the relief was plausible. In this case, only in the 1228 context, and we're cavity our argument that he doesn't need to show plausible relief because the order was both revirates. There was no basis, no statutory authorization for the government to remove him under that statute. Counsel referred to 1220, 1229A. The government didn't charge him under 1229A. So he doesn't need to prove plausible relief. And the consequences of taking the government's position would be dire. Because that would mean that the government could take anyone who is undocumented, just remove them from the country, whether or not there's a deportation order. And then when they come back, charge them criminally and say, well, you have no plausible relief. And that's a scary proposition. I see that my time has run. Thank you. Yes, I have a question. Do you agree with opposing counsel that the law to be applied is the law that existed at the time of removal? No, we don't agree, Your Honor. We think the distinction drawn in Aguilera-Rios is not whether he's a lawful permanent resident or not. It's whether he was removable via the means that the government removed him. So Aguilera-Rios refers to a lawful permanent resident who could not have been removed in 1229A proceedings. Here, the defendant could not have been removed under 1228. That's said under the law at any time. But in terms of determining whether or not he had committed an aggravated felony, do we look to the law as it was at the time of his removal? No, Your Honor. You look to the law as it is in 1228 cases. That's it, only in 1228 cases. That said, our position is that regardless what law you look to, the government did not show that Esau was an aggravated felony. Thank you. The witness's argument is submitted. The court appreciates the argument. We will counsel on the matter. The next case on argument is the charge of a ready-admissal section.
judges: Schroeder, Rawlinson, Stafford